STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>PENNWELL CORPORATION, an Oklahoma Domestic For Profit Business Corporation,<br><br>Defendant. | Case No.: 2:10-cv-1128<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against PennWell Corporation ("PennWell") on information and belief:

## **NATURE OF ACTION**

1. This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

1

# PARTIES

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. PennWell is, and has been at all times relevant to this lawsuit, an Oklahoma Domestic For Profit Business Corporation.

5. PennWell is, and has been at all times relevant to this lawsuit, identified by the current registrar, eNom Inc. ("eNom"), as the registrant, administrative contact, and technical contact for the Internet domain found at <pennenergy.com> (the "Domain").

6. PennWell is, and has been at all times relevant to this lawsuit, the self-proclaimed owner of the copyright(s) in the work(s) posted as part of the content accessible through the Domain (said content accessible through the Domain known herein as the "Website"), as evidenced by a copyright notice displayed on the Website: "Copyright © 2010: PennWell Corporation."

# JURISDICTION

7. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

8. Righthaven is the owner of the copyright in the literary work entitled: "Utility argues for digital meters" (the "Work"), attached hereto as Exhibit 1.

9. At all times relevant to this lawsuit, the Work has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

10. PennWell willfully copied, on an unauthorized basis, the Work from a source emanating from Nevada.

11. On or about May 18, 2010, PennWell displayed, and continues to display, an unauthorized reproduction of the Work (the "Infringement"), attached hereto as Exhibit 2, on the Website.

12. The subject matter, at least in part, of the Work and the Infringement, is Nevada power company NV Energy's proposal of an integrated resource power plan to the Public Utilities Commission of Nevada.

13. At all times relevant to this lawsuit, PennWell knew that the Work was originally published in the Las Vegas *Review-Journal*.

14. At all times relevant to this lawsuit, PennWell knew that the Infringement was and is of specific interest to Nevada residents.

15. PennWell's display of the Infringement was and is purposefully directed at Nevada residents.

16. PennWell's contacts with Nevada are continuous and systematic because PennWell is sponsoring an energy-related conference located in Las Vegas, Nevada on December 6-8, 2011, and said conference is advertised on the Website, evidence of which is attached hereto as Exhibit 3.

17. PennWell's contacts with Nevada are continuous and systematic because PennWell published and publishes, on the Website, information of specific interest to Nevada residents about energy-related Nevada-based construction projects, and such contacts have been in existence at least in excess of six months.

18. PennWell's contacts with Nevada are continuous and systematic because PennWell published and publishes, on the Website, information of specific interest to Nevada residents about Yucca Mountain and the Nevada political issues related thereto, and such contacts have been in existence at least in excess of six months.

19. PennWell's contacts with Nevada are continuous and systematic because PennWell published and publishes, on the Website, information of specific interest to Nevada residents about NV Energy, including information about NV Energy's technology and energy plan proposals, and such contacts have been in existence at least in excess of six months.

20. PennWell's contacts with Nevada are continuous and systematic because PennWell published and publishes, on the Website, information of specific interest to Nevada residents about POWER-GEN International, a Las Vegas, Nevada-based energy conference, and such contacts have been in existence at least in excess of six months.

**VENUE**

21. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

22. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(c), because PennWell is subject to personal jurisdiction in Nevada.

**FACTS**

23. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(1).

24. Righthaven is the owner of the copyright in and to the Work.

25. The Work was originally published on May 18, 2010.

26. On June 23, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number TX0007161063 (the "Registration") and attached hereto as Exhibit 4 is evidence of the Registration in the form of a printout of the official USCO database record depicting the occurrence of the Registration.

27. On or about May 18, 2010, PennWell displayed, and continues to display, the Infringement on the Website.

28. PennWell did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

29. PennWell was not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

## CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

30. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 29 above.

31. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. § 106(1).

32. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. § 106(2).

33. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. § 106(3).

34. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. § 106(5).

35. PennWell reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

36. PennWell created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

37. PennWell distributed, and continues to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

38. PennWell publicly displayed, and continues to publicly display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

39. PennWell has willfully engaged in the copyright infringement of the Work.

40. PennWell's acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

41.     Unless PennWell is preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by PennWell of the Work, pursuant to 17 U.S.C. § 502.

### **PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1.     Preliminarily and permanently enjoin and restrain PennWell, and PennWell's officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under PennWell, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2.     Direct PennWell to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

    a.     All evidence and documentation relating in any way to PennWell's use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

    b.     All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom PennWell has communicated regarding PennWell's use of the Work; and

    c.     All financial evidence and documentation relating to PennWell's use of the Work;

3.     Direct eNom and any successor domain name registrar for the Domain to lock the Domain and transfer control of the Domain to Righthaven;

4.     Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. § 504(c);

5. Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

6. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7. Grant Righthaven such other relief as this Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Righthaven requests a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated this ninth day of July, 2010.

RIGHTHAVEN LLC

By: /s/ J. Charles Coons
STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
Attorneys for Plaintiff